**EXHIBIT A Analysis of Jurisdictional and Procedural Violations in Missouri Enforcement Order**

**Petitioner:** Jennifer De Angelis
**Jurisdictional Conflict:** Missouri (Case No. 1411-FC01603-02) vs. Colorado (Emergency Custody Orders: Feb 13 & 28, 2025)

### I. Summary

This memorandum outlines how recent actions by the Missouri family court, though seemingly authoritative, reflect substantial legal, procedural, and constitutional violations. These breaches suggest active conflict with both state and federal law, including the Parental Kidnapping Prevention Act (PKPA), the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the Americans with Disabilities Act (ADA), and the Fourteenth Amendment.

### II. Procedural and Jurisdictional Breaches Overview

**A. Child Welfare and Safety Context** The minor child, per sworn declaration, has expressed direct fear of the father and discomfort related to his proximity to a known, twice-convicted sex offender. Despite this, Missouri issued a May 16 enforcement order—through a proceeding conducted without transcript or minute entry (see Mo. Sup. Ct. R. 78.05)—compelling interstate transport of the child, scheduled for May 30, 2025. This action contradicts existing emergency custody protections issued by the Colorado court and exposes the child to foreseeable harm.

**B. Breach Matrix**

| Missouri Action | Legal and Procedural Violation |
|---|---|
| May 16, 2025 transport order | Proceeding conducted without transcript or minute entry (Mo. Sup. Ct. R. 78.05), without subject-matter jurisdiction, and in violation of PKPA (28 U.S.C. § 1738A(d), (f), (g)) and UCCJEA standards |
| Claimed jurisdiction via email | No formal judicial conference occurred as required by UCCJEA § 206 and Mo. Rev. Stat. § 452.747 (2024); Colorado made no lawful finding to relinquish jurisdiction |
| Disregard of ADA filings | ADA accommodation request filed May 19, 2025; no response was issued, violating 28 C.F.R. pt. 35, Subpt. B |
| Accelerated scheduling of Respondent's motions | Respondent's motion was scheduled within 10 days; Petitioner's emergency filings remain unacknowledged, violating Fourteenth Amendment equal protection guarantees |
| Judicial reliance on GAL claims | GAL Reiche claimed to have contacted the child's therapist during the May 16 hearing; this statement is contested by both Petitioner and the therapist. A declaration has been requested and/or may be subpoenaed to verify the statement's accuracy. |

| | |
|---|---|
| Colorado "closed" case | Colorado entered a docket notation indicating administrative closure. Petitioner contends the matter remains active for purposes of emergency and UCCJEA jurisdiction, as no judicial order transferring jurisdiction or dismissing claims was entered. **See Exhibit H – Colorado Docket Entry (March 19, 2025),** which reflects the administrative status update recorded by the court. No order transferring jurisdiction or formally resolving Petitioner's emergency filings appears on record as of the date of this submission. |
| Apparent finality in Missouri orders | Orders issued without jurisdiction are void ab initio per United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) |

## III. Legal and Constitutional Implications

### A. Jurisdictional Conflict and Void Orders

### 1. Exclusive Jurisdiction of Colorado
Colorado was the child's home state as of February 8, 2025. Emergency custody orders were issued by Colorado on February 13 and renewed on February 28. These actions conferred exclusive jurisdiction to Colorado under PKPA (28 U.S.C. § 1738A(d), (f)) and UCCJEA § 204.

### 2. Missouri's Lack of Subject-Matter Authority
Missouri initiated proceedings on February 21, 2025. No judicial conference was held. Colorado never issued a ruling transferring jurisdiction. Missouri therefore lacked subject-matter jurisdiction under both PKPA and UCCJEA § 206. Any orders arising from that jurisdictional overreach are void ab initio.

**B. Title II ADA Violations** Petitioner submitted a written ADA accommodation request on May 19, 2025. Missouri failed to respond or engage in the interactive process. This is a breach of Title II of the ADA (42 U.S.C. § 12132), its implementing regulations at 28 C.F.R. pt. 35, Subpt. B, and the requirement that state courts (42 U.S.C. § 12131(1)(B)) must provide equal access to legal proceedings.

**C. Fourteenth Amendment Procedural and Substantive Due Process** Petitioner has experienced unequal access to the court process. While Respondent's motions have been expedited and enforced, Petitioner's emergency filings have gone unreviewed. The May 16 order was issued without a hearing, violating the procedural due process rights established in Mathews v. Eldridge, 424 U.S. 319 (1976), and supported by parental rights precedents including Stanley v. Illinois, 405 U.S. 645 (1972), and Lassiter v. Dep't of Soc. Servs., 452 U.S. 18 (1981). Substantive due process violations are further supported by the state's disregard for the child's expressed fear.

## IV. Federal Oversight and Institutional Exposure

The constitutional and statutory breaches described above warrant federal intervention. They form the basis for:

- Enforcement action under Title II of the ADA
- Equal protection scrutiny under the Fourteenth Amendment
- Emergency injunctive relief under PKPA and UCCJEA
- Investigation of systemic procedural bias by the DOJ Civil Rights Division

Failure by federal authorities to act on these violations may constitute abdication of statutory duties. Inaction in the face of clearly documented breaches could result in institutional exposure under 42 U.S.C. § 1983 and ADA enforcement mandates.

## V. Closing Statement

The Missouri court's enforcement order is not merely flawed—it is void. Its foundation rests on procedural violations, jurisdictional defects, and disability-based discrimination. Petitioner urges immediate review and intervention to prevent irreparable harm to a vulnerable child and further erosion of constitutional safeguards.