| | |
|---|---|
| DISTRICT COURT, LARIMER (FT COLLINS) COUNTY, COLORADO<br>Court Address:<br>201 LAPORTE AVENUE, SUITE 100, FORT COLLINS, CO, 80521<br>**Petitioner(s)** JENNIFER DEANGELIS<br>and<br>**Respondent(s)** CALVIN ALBERTERNST | DATE FILED<br>February 13, 2025 2:29 PM<br>CASE NUMBER: 2025DR117<br><br>⚠ **COURT USE ONLY** ⚠<br>Case Number: 2025DR117<br>Division: 2B    Courtroom: |
| **Order Restricting Respondent's Parenting Time** | |

The motion/proposed order attached hereto: SO ORDERED.

THIS MATTER comes before the Court on the Petitioner's Emergency Motion for Temporary Custody and Stay of Visitation Pursuant to C.R.S. 14-13-204. The Court is construing this as a Motion to Restrict Parenting Time pursuant to C.R.S. §14-10-129(4). The Court finds that pursuant to said statute and based on the allegations of the motion, the child is in imminent physical or emotional danger. Accordingly, the Court finds that relief must be granted pending a hearing.

The Court is taking emergency jurisdiction over the child pursuant to §14-13-204, C.R.S. based upon the facts as outlined in Petitioner's Motion. The Court is only taking emergency jurisdiction at this time based upon safety concerns for the child who is present in the State of Colorado.

IT IS THEREFORE ORDERED that, until further hearing, Father, Calvin Alberternst's, parenting time shall be restricted, with the minor child, Marlee Deangelis (dob 12/18/2013).

IT IS FURTHER ORDERED THAT:

Mother, Jennifer Deangelis, shall have exclusive physical care of the child.

Mother may allow other supervised contact between Father and the child until the hearing under terms and conditions that are acceptable to Mother, in her sole discretion.

Until the time of the hearing, Mother has the authority to make day-to-day decisions, but is not to make major decisions in the areas of the child's health, education, or extracurricular/recreational activities.

A hearing on the motion will be held on February 25, 2025 at 9 a.m. in Courtroom 2B. Calvin Alberternst, must be personally served with this order and all documents contained in the service packet no later than 48 hours prior to the hearing, pursuant to Rule C.R.C.P. 4.

Issue Date: 2/13/2025

*Kara E. Clark*

KARA E CLARK
Magistrate

| ☐ Small Claims ☐ County Court ☐ District Court |
| ☐ Probate Court ☐ Juvenile Court |

Larimer County, Colorado
201 LaPorte Avenue, Fort Collins, CO 80521
970-494-3500

FILED IN COMBINED COURTS
LARIMER COUNTY, CO
2025 FEB 12 A 11:54

Jennifer DeAngelis

-vs

Calvin Albertemst

(Name & Address)
Jennifer DeAngelis
513 Concise Dr
Fort Collins Co 80525
Phone Number: 636 614 6893

▲ COURT USE ONLY ▲

Case Number: 25DR117

Div.: ___ Ctrm: 2B

Emergency Motion For Temporary Custody and Stay of Visitation Pursuant to CRS 14-13-204

Please see attached.

_____
Signature

## CERTIFICATE OF SERVICE

I certify that on Feb 12 2025 (date) a true and accurate copy of the Motion + attachments was served on the other party by:
☐ Hand Delivery, ☐ Faxed to this number _____, or
☒ by placing it in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To: Calvin Albertemst
10 Charlie Ct
Hawk Point MO

_____
☒ Petitioner/Plaintiff or ☐ Respondent/Defendant

Attachment to Order - 2025DR117

DISTRICT COURT, LARIMER COUNTY, COLORADO

Court Address: 201 La Porte Ave Ste 100

　　　　　　　Fort Collins, CO 80521

Phone: 970.494.3500

Petitioner (Mother's Name): Jennifer Nicole De Angelis

Respondent (Father's Name): Calvin Ray Alberternst

Case Number: 1411-FC01603-01

Division: 8

Courtroom:

EMERGENCY VERIFIED MOTION FOR TEMPORARY EMERGENCY JURISDICTION PURSUANT TO C.R.S. § 14-13-204

COMES NOW Petitioner, Jennifer Nicole De Angelis and respectfully moves this Honorable Court for an Emergency Order Granting Temporary Emergency Jurisdiction over the minor child pursuant to C.R.S. § 14-13-204, and to stay the child's court-ordered return to Missouri due to immediate and substantial risk to the child's safety. In support of this Motion, Petitioner states as follows:

I. BACKGROUND

1. This case concerns the custody of Marlee Rae DeAngelis, born on 12/18/2013 (hereinafter, "the Child").

2. A custody order was entered in The Eleventh Judicial Circuit, State of Missouri, Saint Charles County, case number 1411-FC01603-01 on July 17, 2024 granting the mother full legal custody of the Child, with the father receiving physical parenting time.

3. The Missouri case was dismissed on July 17, 2024, and the Child has resided continuously in Colorado since December 29, 2023, making Colorado the Child's home state pursuant to C.R.S. § 14-13-102(7).

4. The Child is currently ordered to return to Missouri for parenting time with the Father this coming weekend.

II. EMERGENCY CIRCUMSTANCES WARRANTING IMMEDIATE COURT ACTION

5. The Child has verbally expressed to Petitioner extreme distress and thoughts of self-harm regarding returning to the Father's care in Missouri. Petitioner does not have direct recorded proof but is prepared to provide testimony regarding these statements.

6. During the Child's visit with the Father over Christmas 2024, the following events occurred:

   - The Child became physically ill, but the Father refused to seek medical care, falsely stating that "hospitals and urgent care centers are closed for the holiday."

   - The Child reported that the Father's home has little to no food and that when food is present, it is either expired or exclusively fast food.

   - The Father has repeatedly failed to follow court-ordered communication requirements, neglecting to ensure the Child calls Petitioner on My Family Wizard on Sundays, Tuesdays, and Thursdays at 8 PM CST. Out of approximately twelve scheduled calls, only two have occurred.

7. The Child is terrified of the Father and exhibits dissociation and a near-zombie-like state while in his custody. The Child's demeanor changes drastically upon return to Petitioner, displaying severe emotional distress and fear of going back.

8. The Child has told Petitioner, "I can't live like this" and "I don't want to go back. Please don't make me go." Petitioner asserts these statements are truthful based on her direct observations and the Child's behavior before and after visits.

9. Petitioner has reason to believe that the Child's mental and physical safety is at risk if the Court does not intervene immediately.

III. LEGAL AUTHORITY FOR EMERGENCY RELIEF

10. Pursuant to C.R.S. § 14-13-204(1), Colorado courts have temporary emergency jurisdiction over a child present in Colorado if the child has been abandoned or is subjected to mistreatment or abuse.

11. The Child's mental and emotional well-being are in immediate jeopardy due to the Father's neglect and emotional mistreatment.

12. The UCCJEA allows Colorado courts to assume emergency jurisdiction when a child's safety is at risk, even when another state has a prior custody order.

13. Under C.R.S. § 14-13-204(3), this Court may issue a temporary custody order to protect the Child from immediate harm.

IV. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

1. Assume temporary emergency jurisdiction over the Child pursuant to C.R.S. § 14-13-204.

2. Issue an immediate order staying the Child's return to Missouri, scheduled for this coming weekend.

3. Schedule an emergency hearing as soon as possible to determine if emergency jurisdiction should remain in Colorado.

4. Prohibit the Father from removing the Child from Colorado until further order of this Court.

5. Grant any other relief deemed just and proper to protect the Child's safety and well-being.

Respectfully submitted this 10th day of February, 2025.

Signature: _____

[Mother's Full Name]

Petitioner, Pro Se

513 Concise Dr

Fort Collins, CO 80525

636.614.6893

Jenniferdeangelis1984@gmail.com

### Statement of Concern Regarding Marlee's Well-Being Under Current Custody Arrangement

This statement is to document my concerns about Marlee's well-being under the current custody arrangement and the ongoing issues that are negatively impacting her health, stability, and safety. Over the past year, and especially in recent months, her mental and emotional well-being has significantly declined, as demonstrated by her December 26th distress call and ongoing issues with neglect during visits.

### Basic Needs Are Not Being Met

During her visits, she frequently does not have access to adequate food or clothing. On December 26, 2024, she called me visibly distraught, stating that she had no winter clothes and that the only food in the house either belonged to Danny or was expired. She also described how her father bought her Christmas presents but refuses to let her open them or take them home.

Additionally, when she became sick over Christmas break, he did not seek medical care and falsely told her that the ER and urgent care were closed for the holidays. These actions show a clear pattern of neglect, putting her physical and emotional health at risk.

### Failure to Fulfill Financial Obligations

Under the current custody order, the father is required to reimburse 50% of all educational, medical, and extracurricular expenses. To date, he has not paid anything toward these expenses.

This failure to contribute financially has placed a significant strain on Marlee's opportunities. If these obligations were met, I could stop telling her that we can't afford gymnastics and other activities she desperately wants to participate in. Instead, I have been forced to cover all costs on my own while also managing the additional financial burden of ensuring her basic needs are met due to his ongoing neglect during visits.

### Lack of Parental Involvement & Emotional Disconnect

While in her father's care, she spends most of her time isolated in her room while he is on Instagram all day or she is left with a babysitter, often one of his ex-girlfriends. After a year of these visits, she has not developed meaningful relationships with anyone in his household, and she is not receiving the emotional support she needs.

There is also a consistent failure to follow court-ordered communication requirements. He is supposed to ensure she calls me every Sunday, Tuesday, and Thursday at 8 PM CST via My Family Wizard, yet out of approximately twelve required calls, he has only facilitated two.

### Emotional Distress & Self-Harm Concerns

On December 26, 2024, Marlee FaceTimed me and was extremely upset. She told me, "I don't want to do this anymore. How am I supposed to survive him?" I immediately screen-recorded the call, which lasted approximately 30 minutes. Unfortunately, I later realized that the audio had not been recorded, but the video clearly shows her in distress.

She also told me:

She feels isolated and unsupported in Missouri.

She spent Thanksgiving and Christmas alone with her father, and it devastated her.

She said, "Kyle is out of prison now, and the family chose Kyle over me. If this is what my life is going to be like from now on, I'd rather die."

(Kyle is a convicted rapist who served nearly 20 years in prison for statutory rape. The current custody order explicitly prohibits Marlee from having any contact with him, including by phone or any other means.)

### Her Reaction to Visits & Declining Mental Health

Marlee's emotional distress is clear and observable. She frequently expresses dread before visits and excitement when calls to her father go unanswered. When she does speak with him, she always leaves her friends on hold, knowing the call will be brief and disconnected. She isn't bonding with him, and the forced interactions are negatively affecting her well-being.

### Future Instability & Uprooting Concerns

Marlee recently told me that her father is selling his house to Danny and may be moving to a trailer park closer to his work. This means she would be uprooted with no regard for stability in her life.

She went from rarely seeing her father at all, and when she did, it was always supervised by either her grandmother Lisa or one of his girlfriends—meaning she was never truly alone with him—to now being exclusively alone with him, and it is destroying her mental health.

### Conclusion & Request for Action

Marlee's current visitation arrangement is harming her well-being, and it is critical that steps be taken to re-evaluate the situation to ensure her safety, stability, and emotional health moving forward.

| | |
|---|---|
| DISTRICT COURT, LARIMER (FT COLLINS) COUNTY, COLORADO<br>Court Address:<br>201 LAPORTE AVENUE, SUITE 100, FORT COLLINS, CO, 80521<br>**Petitioner(s)** JENNIFER DEANGELIS<br>and<br>**Respondent(s)** CALVIN ALBERTERNST | DATE FILED<br>February 28, 2025 3:40 PM<br>FILING ID: 0A7021EC5584M<br>CASE NUMBER: 2025DR117<br><br>⚠ **COURT USE ONLY** ⚠<br>Case Number: 2025DR117<br>Division: 2B  Courtroom: |
| **Order:Motion and Affidavit to Restrict Parenting Time** | |

The motion/proposed order attached hereto: GRANTED.

THIS MATTER comes before the Court on the Mother's Motion to Restrict Parenting Time pursuant to C.R.S. §14-10-129(4). The Court finds that pursuant to said statute and based on the allegations of the motion, the child is in imminent physical or emotional danger. Accordingly, the Court finds that relief must be granted pending a hearing.

IT IS THEREFORE ORDERED that, until further hearing, Respondent/Father's, parenting time shall be restricted, with the minor child, Marlee Deangelis (dob 12/18/2013).

IT IS FURTHER ORDERED THAT:

Mother shall have exclusive physical care of the child(ren).

Mother may allow supervised contact between the child and Father until the hearing under terms and conditions that are acceptable to Mother, in her sole discretion.

Until the time of the hearing, Mother has the authority to make day-to-day decisions, but is not to make major decisions in the areas of the child's health, education, or extracurricular/recreational activities.

A hearing on the motion will be held on march 12, 2025 at 1:30 p.m. Father must be personally served with this order and all documents contained in the service packet no later than 48 hours prior to the hearing, pursuant to Rule C.R.C.P. 4.

Issue Date: 2/27/2025

*Kara E. Clark*

KARA E CLARK
Magistrate

| | | JDF 1406 |
|---|---|---|
| **Motion and Affidavit to**<br>☐ Change  ☑ Restrict  Parenting Time<br>*Motion to Modify/Restrict Parenting Time & Affidavit* | FILED IN COMBINED COURTS<br>LARIMER COUNTY, CO<br>2025 FEB 27 A 11: 34 | |
| District Court<br>Colorado County: Larimer<br>Court Address: 201 LAPORTE AVE STE 1000<br>FORT COLLINS CO 80521<br>**Parties**<br>Petitioner *(Parent or person who started the legal case)*:<br>Jennifer DeAngelis<br><br>Co-Petitioner/Respondent *(Other person in this case)*:<br>Calvin Alberternst | ▲ COURT USE ONLY ▲ | |
| Lawyer (if any) of Party filing<br>Name: _____<br>Address: _____<br>Phone: _____<br>E-mail: _____<br>Lawyer Reg. #: _____ | Case Number: 25DR117<br>Division: _____<br>Courtroom: _____ | |

To the parent/party receiving this motion:

For a *Motion to* **Change** *Parenting Time*, you have 21 days to file a written response. §14-10-129, C.R.S.

> *Note: Check your current Order to see if you are required to mediate prior to filing this motion.*

For a *Motion to* **Restrict** *Parenting Time*, your written response can be filed on or before the emergency hearing. A hearing will be held within 14 days from the filing of this motion, if granted by the court. §14-10-129(4), C.R.S

1. **Petitioner's Information**   ☐ Check if in Military

   Full Legal Name: Jennifer / Nicole / DeAngelis
   First / Middle / Last

   Date of Birth: 02/14/1984

   Current Mailing Address: 513 Concise Dr _____ Apt. #: _____

   City: Fort Collins  State: CO  Zip: 80525

   Phone: 636-614-6893  Email: jenniferdeangelis1984@gmail.com

   ☐ Check here if you consent to receive court filings (service) by email. C.R.C.P. 5(b)(2)(D).

   Do you need an interpreter?  ☑ No  ☐ Yes, in (language): _____

2. **Co-Petitioner/Respondent's Information**   ☐ Check if in Military

   Full Legal Name: Calvin / Ray / Alberternst
   First / Middle / Last

   Date of Birth: 05/16/1990

   Current Mailing Address: 10 Charlie Ct _____ Apt. #: _____

City: Hawk Point    State: MO    Zip: 63349
Phone: 636-622-4077    Email: _____

☐ Check here if you consent to receive court filings (service) by email. *C.R.C.P. 5(b)(2)(D).*

Do you/they need an interpreter?    ☒ No    ☐ Yes, in (language): _____

3. **Information About Child(ren)** - I am making this request for our child(ren) listed below:

| Full Name of Child | Current Address | Sex | Date of Birth |
|---|---|---|---|
| Marlee Rae DeAngelis | 513 Concise Dr, Fort Collins, CO 80525 | F | 12/18/2013 |
| | | | |
| | | | |
| | | | |
| | | | |

4. **Date of current Parenting Time Order** *(date):* 7/17/24

5. **Prior changes to Parenting Time Order**

    Has a request to change parenting time been filed in the last 2 years?    ☒ Yes    ☐ No

    If *Yes*, list the date of that request: 12/18/23

6. **Restrict Parenting Time**

    a.  Are you filing a Request to Restrict Parenting time?

    ☐ No (skip to #7)    ☒ Yes (check the boxes that apply):

    ☒ I ask the court to **restrict** the other party's parenting time because I believe the children are in imminent/immediate danger because of the parenting time contact. (§14-10-129(4), C.R.S.)

    ☒ I request an emergency hearing within 14 days and for supervised parenting time until then. Supervision will be provided by a licensed mental health professional or someone the court appoints.

    b.  Explain in detail why you believe the child(ren) are in imminent/immediate danger. (Give examples and include dates as needed):

Since unsupervised parenting time began, the child has shown increasing emotional distress, depression, and avoidance behaviors. On December 25, 2024, while in Respondent's care, she contacted Petitioner and said, 'I can't live like this anymore.' She has since exhibited trauma-related behaviors that did not exist before these visits, including dissociative identity shifts, indicating severe emotional distress. Respondent also has a pattern of disregarding court orders, including financial obligations, making it likely he will ignore court-ordered conditions for parenting time, further putting the child's well-being at risk.

    c.  I request that the parenting time be restricted as follows:

All parenting time should be immediately suspended. No future parenting time should be permitted unless Respondent completes court-ordered therapy, a psychological evaluation, and a parenting course demonstrating his ability to provide a safe and emotionally stable environment for the child. If visitation is reinstated, it should be supervised for at least six months.

7. **Change Parenting Time**

    I believe the parenting time changes are in the best interest of the child(ren).

JDF 1406 – Motion and Affidavit to Change/Restrict Parenting Time    R: April 11, 2023    Page 2 of 4

a. Describe the current parenting time order you have with the other parent (or party):

The child currently resides <u>primarily with Petitioner. The current parenting plan requires the child to call Respondent</u> three times per week (Tuesdays, Thursdays, and Sundays) and to attend overnight parenting time during all school break

b. Describe the parenting time schedule you are requesting and why:

Petitioner requests that all parenting time be suspended unless and until Respondent completes a full psychological evaluation<u>, parenting therapy, and a court-approved parenting course. These conditions are</u> necessary to ensure the child's safety and emotional stability. If parenting time is reinstated, it should be supervised for a minimum of six months to protect the child's well-being.

8. **Previous Convictions**

   ☐ Check here if the other parent (or party) was convicted of a sex or violent crime that could put the child(ren) in danger (§14-10-129(3)(a), C.R.S.)

   Case number: _____ State: _____ County: _____ Date: _____

   Please explain: _____

9. **Notification of Changes**

   Have you talked to the other person about this request to change parenting time?  ☐ Yes  ☒ No

   If Yes, please explain:

10. **Active Protection or Restraining Orders**

    Has anyone listed above been named in a protection/restraining order?  ☐ Yes  ☒ No

    **If Yes:**

    The Order was:  ☐ Temporary  ☐ Permanent
    ☐ MRO (Criminal Restraining Order)

    Made by the following court:  ☐ Municipal  ☐ County  ☐ District/Juvenile

    Court location (County & State): _____
    Case number: _____
    Date of Order: _____
    Name of protected person(s): _____
    Name of restrained person(s): _____
    What did the Order say?  ☐ Stay-away  ☐ No contact
    ☐ Other (explain): _____

11. **Changes to Child Support**

    Do you also need to change child support? ☐Yes ☒No    If yes, also include JDF 1403 - Motion to Modify Child Support.

JDF 1406 – Motion and Affidavit to Change/Restrict Parenting Time    R: April 11, 2023    Page 3 of 4

*Attachment to Order - 2025DR17*

## Verification

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the __27__ day of __FEBRUARY__, __25__, at __LARIMER COUNTY__
                (date)      (month)     (year)    (city or other location, and state OR country)

__JENNIFER DEANGELIS__
(Printed name of Petitioner)            Signature of Petitioner

_____
Lawyer Signature, if any

## Verification

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the _____ day of _____, _____, at _____
                (date)      (month)     (year)    (city or other location, and state OR country)

_____
(Printed name of Co-Petitioner/Respondent)    Signature of Co-Petitioner/Respondent

_____
Lawyer Signature, if any

## Certificate of Service

I certify that on (date): _____ a copy of this document was served on the other parties by:

☐ Hand Delivery    ☐ Colorado Courts Efiling
☐ Fax or email to (number/address): _____
☐ By U.S. mail, addressed to:

To: _____
_____
_____

_____
Your signature (**REQUIRED**)

☐ Check here if you also sent a copy to the Child Support Enforcement Unit. You must send them a copy if they are involved in the case.

| | |
|---|---|
| LARIMER COUNTY, COLORADO, DISTRICT COURT<br>201 LaPorte Ave, Suite 100, Fort Collins, CO 80521<br>(970) 494-3643 | |
| In RE the Matter of:<br><br>Petitioner(s): JENNIFER DEANGELIS<br><br>Respondent(s): CALVIN ALBERTERNST | ▲ **COURT USE ONLY** ▲ |
| The Honorable Kara E. Clark<br>District Court Magistrate | Case Number: **2025DR117**<br>Courtroom: 2B |
| **NOTICE OF RESTRICTION OF PARENTING TIME HEARING** | |

You are hereby notified of a hearing on **March 12, 2025 at 1:30 PM in Courtroom 2B.**

This hearing shall be:  ☒ **IN PERSON** for ☒ **PARTIES**  ☒ **COUNSEL**  ☒ **WITNESSES**
☐ VIA WEBEX for ☐ PARTIES  ☐ COUNSEL ☐ WITNESSES
UNLESS OTHERWISE ORDERED BY THE COURT

**All requests to appear via WebEx or phone MUST be submitted by written motion and approved in advance of the hearing.**

WITNESSES:

**You must serve the witness list on the other party by mail or email at least 24 hours before the hearing, meaning the other party must receive the witness list at least 24 hours before the hearing.**

If you have any witnesses appearing that you wish to call to testify for the hearing, they must be available for the entire hour of the scheduled hearing. At the beginning of the hearing, witnesses are sequestered until such time as they are called to testify. When it is time for your witness to testify, the Court will remove the witness from sequestration to then provide his/her testimony before the Court.

In extreme circumstances, the Court may allow **video appearance** of witnesses. If you have any witnesses appearing via WebEx that you wish to call to testify for the hearing, must be available for the entire hour of the scheduled hearing. Witnesses must use the WebEx conferencing application. At the beginning of the hearing, witnesses will be moved into a virtual waiting room until such time as they are called to testify. When it is time for your witness to testify, the Court will remove the witness from the waiting room for his/her testimony. Prior to the hearing, you are to provide the witness with the WebEx information.

EXHIBITS:

**If you plan to ask the Court to admit exhibits, you must serve those exhibits on the other party by mail or email at least 24 hours before the hearing, <u>meaning the other party must receive the exhibit list at least 24 hours before the hearing.</u>** Failure to comply with these deadlines may result in the exclusion of your exhibits.

### **FOR WEBEX VIDEO CONFERENCING USE THE FOLLOWING INSTRUCTIONS**

The Colorado Judiciary uses **Cisco WebEx** for audio and video conferencing. The free application called Cisco WebEx Meetings can be downloaded to computers, laptops, tablets, and phones. This application can be used to access hearings held by audio/video conference which are hosted by the Court. This link provides tutorials: https://help.webex.com/en-us/8bzter/Cisco-Webex-Meetings-Video-Tutorials

You will access the video conferencing via:

https://judicial.webex.com/meet/d08-ftcn-courtroom2b

Parties must have a strong internet connection and be in a private setting without background noise. The Court strongly encourages the use of headphones as they may prevent audio feedback. Note: for video appearances, WebEx contains a chat feature. Attorneys can send a private communication by way of instant message during the hearing. Additionally, WebEx allows a party to display exhibits including video.

Virtual hearings are courtroom proceedings where professionalism is expected. Animals, children, food consumption, and other distractions are all inappropriate, just as they are inappropriate in the physical courtroom. Dress appropriately as this is a court proceeding. Recording of proceedings by anyone other than the official court record remains prohibited.

For counsel/parties/witnesses who do not have the ability to appear with video capability can access a hearing by phone by calling 1-415-655-0001 and enter the Participant Code 2598 944 4991. Speakerphones are not allowed as they are likely to cause feedback and will disrupt the court hearing.

**Again, ANY requests for Counsel/Parties/Witnesses to appear via WebEx or phone MUST be submitted by written motion and approved in advance of the hearing.**

DONE and SIGNED 2/28/2025.

*Kara E. Clark*
_____
Kara E. Clark
District Court Magistrate

| LARIMER COUNTY, COLORADO, DISTRICT COURT<br>201 LaPorte Avenue, Suite 100<br>Fort Collins, Colorado 80521<br>(970) 494-3643 | |
|---|---|
| In RE the Matter of:<br><br>Petitioner(s): JENNIFER DEANGELIS<br><br>Respondent(s): CALVIN ALBERTERNST | ▲ **COURT USE ONLY** ▲ |
| The Honorable Kara E. Clark<br>District Court Magistrate | Case Number: **2025DR117**<br>Courtroom: 2B |
| **ADVISEMENT REGARDING ISSUES HEARD AT AN<br>EMERGENCY RESTRICTION OF PARENTING TIME HEARING** ||

THIS MATTER is before the Court because one parent/guardian was given a temporary emergency order against the other parent restricting the other parent/guardian's parenting time with the child or children. This matter will come before the Court on **March 12, 2025** at **1:30 PM in Courtroom 2B** for a hearing as to whether the temporary order granted against the restricted parent will continue to remain in force.

So that the parties are better prepared to proceed to hearing on the scheduled date, they are advised as follows:

1. A temporary order restricting parenting time was issued in this case because the moving parent alleged in a motion that the child is in imminent physical or emotional danger due to the parenting time or contact by the restricted parent. Allegations of this type are enough for the Court to issue the initial order restricting parenting time. The fact that the Court has issued an initial temporary order restricting parenting time does NOT mean that the moving parent has proven the allegations.

2. The Court may begin the hearing by asking if the parties have reached any agreements. If the parties have not reached an agreement, then the moving parent presents the evidence he or she has available. The restricted parent may, at the conclusion of the moving parent's evidence, present evidence that contradicts the moving parent's evidence or that shows that the order restricting parenting time should not continue because the circumstances creating the danger to the child have been managed.

3. The hearing in this emergency restriction of parenting time matter will be managed through the use of time limits. Specifically, each party will have no more than thirty (30) minutes to present his or her case. The time taken for cross-examination will

count towards the party that is questioning the witness. Closing argument will be at the Court's discretion and only if there is time remaining for the party requesting argument.

4. Pursuant to C.R.S. 14-10-129(1)(b)(I) and *IRM Thorburn,* 2022COA80, evidence will be limited to circumstances that would endanger the child(ren)'s physical health or significantly impair the child(ren)'s emotional development. Evidence not directly applicable to these circumstances will not be received unless necessary on a limited basis to establish context.

5. Evidence acceptable to the Court includes, but is not limited to, the following categories:

    a. The live testimony of witnesses or parties to the action. Written statements or affidavits by witnesses or parties will NOT be accepted as a replacement for live testimony.

    b. The parties SHALL NOT bring the children to the restriction hearing unless given prior authorization by the Court. To obtain authorization, the parties must file a Motion for In Camera Interview of the Child(ren) in advance of the restriction of parenting time order.

    c. Evidence that preserves or records the activities of a party or witness. Examples include photographs, email or text communications, messages left on answering machines or voice mail, records of activity on social networks, etc. It is the responsibility of the party presenting this evidence to supply the equipment, such as a CD or tape player, necessary for the Court to hear or view such evidence.

6. When considering what evidence is appropriate to present, the parties should keep in mind the following principles:

    a. There is no harm in having evidence available to present to the Court. The Court may receive all evidence or may decline to receive some or all of the evidence for legal reasons. **However, the Court will NOT consider statements about what the evidence would show if it was available.**

    b. The Court will take an active role in the evaluation of the evidence presented. This may include the Court asking questions of witnesses or the parents when appropriate to resolve an issue in the case.

    c. The Court does NOT have access to documents generated by law enforcement or the Department of Human Services. A person who wants the Court to review documents of this type will need to bring the documents to court.

7. At the conclusion of the evidence, the Court will state findings based on the evidence presented. If the findings indicate that continued parenting time would create physical or emotional danger to the child, the order restricting parenting time will continue. The Court may also modify the order to permit limited contact between the child and the restricted parent provided certain conditions are met. The Court may also set another hearing at which the parties' compliance with modifications

and conditions are reviewed. If evidence does not indicate that the restricted parent or the parenting time is emotionally or physically endangering the child, then the order restricting parenting time will be vacated.

8. An emergency order restricting parenting time is neither permanent nor final. Despite the existence of an emergency order, the Court expects that the parties will be initiating additional action in court to obtain long-term orders managing parenting time. If the emergency order is issued after a previously issued temporary or permanent parenting time order, then the emergency order may contain a deadline, past which the order will expire unless superseded by subsequent orders. If the order expires, the previous order governing parenting time goes back into effect. If the emergency order is issued before any temporary or permanent parenting time orders have issued, then the emergency order will remain in place until a domestic relations judicial officer changes it.

9. The hearing on the moving parent's motion will be held within 14 days of the filing of the motion as required by statute. The Court may only grant a continuance if requested by the restricted parent or if the restricted parent consents to the continuance. In either case, before the Court can grant a continuance, the restricted parent must also consent to the continuing jurisdiction of the Court over the motion. If a continuance is granted, the Court will continue the order restricting parenting time for the duration of the continuance.

10. If a party fails to appear at a scheduled hearing without excuse, the opposing party may have the case decided in his or her favor.

11. The parties to this case may hire an attorney to advise them and to represent them in court. If either parent has further questions regarding the emergency order restricting parenting time or the upcoming hearing, he or she is encouraged to seek the advice of an attorney. The Court may not provide legal advice.

DONE and SIGNED 2/28/2025.

*Kara E. Clark*
_____
Kara E. Clark
District Court Magistrate

| FILE DATE | EVENT/FILING/PROCEEDING |
|---|---|
| 2/28/2025 | Minute Order (print) |

JUDGE: KEC    CLERK:        REPORTER:
COURT REVIEWS COMPLAINT FILED FOR ERPT IN CHAMBERS AND DOES FIND SUFFICIENT EVIDENCE TO SUPPORT A FINDING OF ERPT. COURT GRANTS ERPT. PAPERWORK TO INCLUDE ADVISEMENT IS PROVIDED TO PET VIA EMAIL. ERPT HEARING SCHEDULED ON MARCH 12, 2025 AT 1:30 PM IN COURTROOM 2B IN PERSON.                /LKM